IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTINA CERVANTES,

    Plaintiff,

vs.

Case No. 04-1157-JTM

LA FIESTA of McPHERSON, INC., and
HUGO SANTILLAN,

    Defendants.

MEMORANDUM AND ORDER

    This matter is before the court on the motion for summary judgment of defendants La Fiesta of McPherson, Inc., and Hugo Santillan.  Defendants seek summary judgment on the claims advanced by plaintiff Christina Cervantes.  Cervantes' complaint asserts that both defendants violated Title VII and subjected her to intentional infliction of emotional distress, and that defendant Santillan is liable for assault and battery and false imprisonment.

    Defendants argue in support of their summary judgment motion that plaintiff's Title VII claim cannot lie because La Fiesta is not an "employer" within the meaning of the statute, since it employs fewer than fifteen persons.  42 U.S.C. § 20003(b).  Second, defendants contend that plaintiff's state law assault and battery and false imprisonment claims are time-barred under the one-year limitations period of KSA 60-514(b), since the events giving rise to the claims occurred on September 16, 2003, but the present action was not commenced until process was served on September 27, 2004, and the savings provisions of KSA 60-203(a) are not applicable.  Finally,

defendants argue that the court should decline to exercise jurisdiction over any remaining pendent state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Tonkovich v. Kansas Bd. of Regents*, 254 F.3d 941, 954 (10th Cir. 2001).

Defendants support their motion with admissible evidence supporting the relief sought. Plaintiff Cervantes has filed no response to defendants' motion, and the time for which such a response would be permitted has long expired. Accordingly, pursuant to D.Kan. Rule 56, the statements of uncontroverted fact advanced by defendants (Dkt. No. 8, at 2, ¶¶ 1-6) are all deemed admitted, and are adopted and incorporated herein.

Further, defendants' motion for summary judgment (Dkt. No. 7) is accordingly granted in full, both on the merits and pursuant to D.Kan. Rule 7.4.

IT IS SO ORDERED this 25th day of January, 2005.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE