IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISTINA CERVANTES,

    Plaintiff,

vs.                              Case No. 04-1157-JTM

HUGO SANTILLAN,

    Defendant.

MEMORANDUM AND ORDER

    This matter is before the court following the plaintiff Cristina Cervantes's reply to the court's order to show cause of February 7, 2005.

    On January 25, 2005, the court entered an order (Dkt. No. 9) granting the motion for summary judgment (Dkt. No. 7) of the defendant La Fiesta of McPherson, Inc. The motion was explicitly granted both on the merits (La Fiesta argued since it employed only a small number of employees it was not an "employer" for Title VII purposes) and pursuant to D. Kan. Rule 7.4, since plaintiff Cervantes failed to respond to the summary judgment motion within the time permitted by rule.

    On February 7, 2005, the court entered its show cause order, directing the parties to show cause why the remainder of the case should not be dismissed as to the remaining defendant, Hugo Santillan. The original summary judgment motion was brought in the name of then-defendant La Fiesta only, and sought relief only for that defendant.

Now plaintiff has responded with a pleading, which seeks 60 days to file a response on the issue of *La Fiesta's* status as an "employer." The pleading is silent as to the claims against Hugo Santillan.

Plaintiff's response is insufficient for multiple reasons. First, to the extent that it would seek to resurrect the claims for liability against La Fiesta, it is in effect a motion for reconsideration; at this date, such a motion is untimely under Fed. R.Civ. Pr. 59(e). Further, the court must note that plaintiff offers *not one iota* of fact which would justify *either* (a) plaintiff's failure to respond to the summary judgment motion in a timely manner, *or* (b) her failure to submit a motion for reconsideration in a timely manner. The orders and rules of the court are binding and may not be avoided without cause, but surely and beyond all certainty they cannot be circumvented in the cavalier manner now suggested by plaintiff.

Defendant La Fiesta was dismissed from the present action and shall remain so. The court will not revisit the issue. The parties are directed to state, on or before March 14, 2005, their understanding as to the continuing validity of, and the jurisdiction of the court to hear, claims relating to defendant Hugo Santillan.

IT IS SO ORDERED this 1st day of March, 2005.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE