IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISTINA CERVANTES,

          Plaintiff,

vs.

Case No. 04-1157-JTM

HUGO SANTILLAN,

          Defendant.

MEMORANDUM AND ORDER

      This is an action by Cristina Cervantes against her employer, La Fiesta of McPherson, Kansas, and a former supervisor, Hugo Santillan. On January 25, 2005, the court granted the motion to dismiss of defendant La Fiesta, both on the merits — because of its small size, the restaurant does not qualify as an "employer" within the meaning of Title VII — and pursuant to D.Kan. R. 7.4 in light of the failure of the plaintiff to file a timely response to the summary judgment motion. (Dkt. No. 9).

      Following the order of summary judgment, the court directed the parties to show cause why the remainder of the case should not be dismissed for lack of prosecution. (Dkt. No. 11). Plaintiff responded by attempting to reargue the issue of La Fiesta's liability. (Dkt. No. 13). The court rejected this attempt to revisit that settled issue, and directed the parties to address the jurisdiction of the court to hear the remainder of the case. (Dkt. No. 15).

      Plaintiff has responded with a combined Statement on Jurisdiction and Motion for Default Judgment against Santillan. The brief pleading states in conclusory fashion that Santillan has fled

from the area, that service was obtained by publication, and that "[f]ederal question jurisdiction exists and is provided by 28 U.S.C. § 1331."

This is an insufficient basis for continued jurisdiction by this court. In her complaint, Cervantes raised four claims for relief. Count I seeks recovery against both defendants for violations of Title VII. Counts II through IV are state law claims for assault, false imprisonment, and intentional infliction of emotional distress. The Title VII claims against Santillan under Count I do not raise any colorable claims under federal law. Title VII prohibits discrimination by employers; it does not authorize personal capacity lawsuits against individual supervisors. *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). The court has no option but to dismiss Count I with prejudice.

Further, the supplemental state law claims will be dismissed without prejudice. Absent a showing of some extraordinary circumstances, "a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273-74 (10th Cir. 2002). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Dexter v. Ford Motor Co.* 92 Fed. Appx. 637, 644 (10th Cir. 2004); *Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir.1990) ("Because we dismiss the federal causes of action prior to trial, we hold that the state claims should be dismissed for lack of pendent jurisdiction."). As noted earlier, plaintiff makes no attempt to articulate any rationale for continued jurisdiction over the supplemental state law claims.

IT IS ACCORDINGLY ORDERED this 18th day of July, 2005, that the plaintiff's Motion for Default Judgment is denied; the remainder of the present action is dismissed with prejudice with respect to Count I, and otherwise dismissed without prejudice as to the remaining claims advanced herein.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE